## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FU QUAN LI, | * | |
| Appellant, | * | |
| v. | * | Civil Action Nos.  8:21-cv-2717-PX |
| | | 8:21-cv-2487-PX |
| FRED YEN MING CHU, *et al.* | * | |
| Appellees. | * | |

***

### MEMORANDUM OPINION

Pending before the Court is creditor-Appellant Fu Quan Li's motion for leave to file an interlocutory appeal and his appeal from a final order to avoid a judicial lien entered in *In re Yen Ming Chu*, No. LSS-18-br-20703 (Bankr. D. Md. Aug. 13, 2018) ("Bankruptcy Case").  The issues are ripe, and no hearing is necessary.  D. Md. Loc. R. 105.6.  For the following reasons, the Court denies the motion for leave to file an interlocutory appeal, vacates the order to avoid judicial lien and remands the case for further proceedings consistent with this opinion.

### I.   Background

 Appellant Fu Quan Li ("Li") and debtor-Appellees Fred Yen Ming Chu and Meiyu Chu (collectively, "the Chus") enjoyed a close friendship for many years.  In 2008, Fred Chu approached Li to invest in a precious metals importation business.  Case No. 21-2717, ECF No. 4 at 8–9.  Eventually Li agreed to extend the loan secured by the Chus' home, located at 5021 Flint Hill Road in Kensington, Maryland (the "Property").  *Id.*  Unfortunately, the business failed, and the loan went largely unpaid.  *Id.*

On December 10, 2009, Li sued the Chus in the Circuit Court for Montgomery County, Maryland to recapture his lost investment.  Case No. 21-2717, ECF No. 2-11 at 2.  The Chus never participated in the action, and the Court entered default judgment in Li's favor for

$81,800.00.  *Id.* at 6–7; ECF No. 2-5.  Li also obtained a writ of execution and judicial lien on

the Property to satisfy the debt.  ECF No. 2-11 at 8.  In response, the Chus filed for Chapter 7

bankruptcy.  Bankruptcy Case, ECF No. 1.

In the Bankruptcy Case, Li initiated an adversary proceeding, seeking to declare the

judgment in the state case as non-dischargeable.  *In re Chu*, No. LSS-18-ap-00401 (Bankr. D.

Md. Oct. 25, 2018) ("Adversary Proceeding"); *see* 11 U.S.C. §§ 523(a)(2)(A) and (a)(4).  Li

moved for summary judgment in his favor, which the Bankruptcy Court denied, and next for

reconsideration, which was also denied.  Adversary Proceeding, ECF Nos. 28 & 40.  The

Bankruptcy Court issued final judgment in favor of the Chus, concluding the Adversary

Proceeding.  *Id.*, ECF No. 43.

After the Bankruptcy Court issued final judgment on the Adversary Proceeding, Li

pursued three separate appeals (*Id.*, ECF Nos. 53–55), and sought another declaratory judgment

in the Montgomery County Circuit Court to obtain a priority position on the judicial lien.  Case

No. 21-2717, ECF No. 2-13 at 2.  On August 10, 2020, the Circuit Court decided that the judicial

lien on the Property took second priority behind the mortgagor.  *See id.* at 11; Case No. 21-2717,

ECF No. 4 at 12.

After the Circuit Court issued this decision, Li voluntarily dismissed his appeals related

to the Adversary Proceeding.  Adversary Proceeding, ECF Nos. 92, 94.  Then, on September 29,

2020, the Bankruptcy Court issued a final decree and closed the Bankruptcy Case.  Case No. 21-

2717, ECF No. 2-21 at 7.

On August 4, 2021, Li filed in Circuit Court a second writ of execution of the judicial

lien.  Case No. 21-2717, ECF No. 2-11 at 9.  Again, the writ issued.  *Id.*  In response, the Chus

moved to reopen the Bankruptcy Case and simultaneously moved to avoid this judicial lien.

Bankruptcy Case, ECF Nos. 39–41.  Four days later, before Li filed any responsive pleading, the

Bankruptcy Court granted the motion to reopen the Bankruptcy Case.  *Id.*, ECF No. 42.  Li

immediately moved for leave to file an interlocutory appeal on the decision to reopen.

Bankruptcy Case, ECF No. 44; *see* Case No. 21-cv-2487.  Li also filed a timely opposition to the

motion to avoid the lien, but the pleading was titled as an "Objection to Debtor's Claim of

Exemptions."  Bankruptcy Case, ECF No. 49.  The contents of this pleading clearly opposed

reopening the Bankruptcy Case and separately challenged the propriety of avoiding the judicial

lien.  *See id.*  After the time to file an opposition had passed, and without any further hearing on

the matter, the Bankruptcy Court granted the motion to avoid the judicial lien.  *Id.*, ECF No. 53.

Li appealed this decision as well.  *Id.*, ECF No. 55.

 While the appeal was pending, the Bankruptcy Court held a recorded conference with the

parties.  The Bankruptcy Court explained that Li's opposition had been mislabeled on the docket,

and as a result, the court had not considered the filing before granting the Chus' motion to avoid

the lien.  Dec. 1, 2021, Hr'g at 2:28-3:31, *In re Yen Ming Chu* (No. LSS-18-br-20703).  Upon

learning that the Bankruptcy Court treated the motion as essentially unopposed, neither party

took any further action.

## II. Analysis

### A.  Motion for Leave to Take Interlocutory Appeal

 The Court first turns to Li's motion for leave to take an interlocutory appeal from the

Bankruptcy Court's order reopening the Bankruptcy Case.  Case No. 21-2487, ECF No. 2.

Because Li does not appeal a decision of the Bankruptcy Court involving 11 U.S.C. § 1121(d),

interlocutory appeal may only proceed with leave of this Court.  *See id.*; 28 U.S.C. § 158(a).  In

this regard, Li maintains that interlocutory appeal is proper because, in ruling before Li had an

opportunity to respond to the motion, the court deprived him of due process in violation of the

Fifth Amendment of the United States Constitution and this Court's Local Rules.  Case No. 21-2487, ECF No. 2 at 1.

Interlocutory appeals are generally disfavored.  *United States v. Under Seal*, 835 F.3d 706, 716 (4th Cir. 2017) (quoting *United States v. Lawrence*, 201 F.3d 536, 537 (4th Cir. 2000)); *see also Osuji v. U.S. Bank, Nat'l Ass'n*, 285 F. Supp. 3d 554, 558 (S.D.N.Y. 2018) (quoting *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2008 WL 361082, at *1 (S.D.N.Y. Feb. 11, 2008)) (denying interlocutory review of bankruptcy court order and noting that interlocutory review is "strongly disfavored.").  The Court may grant such leave only when "1) the order involves a controlling question of law, 2) as to which there is substantial ground for a difference of opinion, and 3) immediate appeal would materially advance the termination of the litigation." *Johnson v. Cent. Collection*s, No. ELH-19-2821, 2020 WL 2306452, at *5 (D. Md. May 8, 2020) (quoting *HeiTech Servs., Inc. v. Rowe*, GJH-17-1319, 2017 WL 4838750, at *2 (D. Md. Oct. 24, 2017)); *cf.* 28 U.S.C. § 1292(b) (same elements required for leave to file interlocutory appeal of district court order).  Each factor must be met before leave shall be granted.  *Johnson*, 2020 WL 2306452, at *2 (citing *In re Air Cargo, Inc.*, CCB-080587, 2008 WL 2415039, at *3 (D. Md. June 11, 2008)).  Mere disagreement with the Bankruptcy Court's decision will not suffice.  *Id.* In essence, interlocutory review should be reserved for "a narrow question of pure law whose resolution will be completely dispositive of the litigation." *Fannin v. CSX Transp., Inc.*, No. 88-8120, 1989 WL 42583, at *5 (4th Cir. Apr. 26, 1989) (unpublished opinion).

Li has not made this showing.  Indeed, the court's decision to reopen the Bankruptcy Case "lacks independent legal significance" because it "functions primarily to enable the file to be managed by the clerk as an active matter."  *In re Prewitt*, No. 5:19-cv-2302-DOC, 2020 WL 2121430, (C.D. Cal. Jan. 9, 2020) (quoting *In re Menk*, 241 B.R. 896, 913 (B.A.P. 9th Cir.

1999)); *see, e.g., In re Mendoza*, 595 B.R. 849, 856 (B.A.P. 10th Cir.) (noting that the reopening

of a bankruptcy case is "purely administrative"); *In re Apex Oil Co.*, 406 F.3d 538, 543 (8th Cir.

2005) ("The act of reopening a closed bankruptcy case is typically ministerial."); *In re*

*Haralambous*, 257 B.R. 697, 698 (Bankr. D. Conn. 2001) (overruling objection to reopening

bankruptcy case because reopening of bankruptcy case is only a "ministerial or mechanical act

which allows the court file to be retrieved."). The Bankruptcy Court granted the motion to

reopen solely "for the limited purpose of permitting Debtor to file a Motion to Avoid Lien."

Case No. 21-cv-2487, ECF No. 3-11. This purely procedural prerequisite allowed consideration

of the debtor's request to avoid the lien. The decision, in short, does not merit interlocutory

review. *See Fannin*, 1989 WL 42583, at *5. On this basis alone, leave for interlocutory review

is denied. *See In re Prewitt*, 2020 WL 2121430, at *2 (denying leave to file interlocutory appeal

of order granting motion to reopen bankruptcy case); *Mount Sinai Hosp. v. Arana*, No. 11 Civ.

5360 (RRM), 2012 WL 3307357, at *4 (E.D.N.Y. Aug. 12, 2012) (same); *Kountaki v. Johnson*,

No. H-07-3530, 2007 WL 4570161, at *2 (S.D. Tex. Dec. 26, 2007) (same).

### B. Appeal from Grant of Motion to Avoid Judicial Lien

The Court next turns to Li's appeal contesting the Bankruptcy Court's decision to grant

the Chu's avoidance motion. *See* Case No. 21-cv-2717, ECF No. 4. Generally, this Court

reviews questions of law de novo and findings of fact for clear error. *In re Johnson*, 960 F.2d

396, 399 (4th Cir. 1992); *see also Prangley v. Cokinos*, 509 B.R. 822, 827–28 (D. Md. 2014).

However, in this case, the Bankruptcy Court decided the motion without the benefit of Li's

position. Dec. 1, 2021 Hr'g at 2:28-3:31, *In re Yen Ming Chu* (No. LSS-18-br-20703).[1]  To

---

[1] The parties lay much blame on each other for why Li's opposition in response had been mislabeled on the docket. *Compare* Case No. 21-cv-2717, ECF No. 7 at 23 *with* Case No. 21-cv-2717, ECF No. 8 at 18; *see also* Dec. 1, 2021 Hr'g at 2:15–4:30. The disagreement is beside the point. Because the Bankruptcy Court clearly stated that it had no occasion to review the pleading before deciding the motion, remand is warranted.

allow a full development of the record, the matter must be remanded to so that the Bankruptcy Court may consider the positions of all parties and make adequate findings of fact and conclusions of law for review on appeal.  *See In re O'Sullivan*, 841 F.3d 786, 790 (8th Cir. 2016) (remanding case "out of prudence" when lower courts had failed to consider whether lien existed under § 522(f), and appellate court wished to "permit adequate vetting through the adversarial process" before appellate review) (internal citation and alteration omitted).

## III.  Conclusion

Based on the foregoing, the Court denies Li's motion for leave to file an interlocutory appeal (Case No. 21-cv-2487).  As to Li's appeal from the Bankruptcy Court's granting of debtors' motion to avoid judicial lien, the Court vacates the order and remands the case with direction to consider the motion, taking Li's opposition into account.

06/13/2022____                                    _____/S/_____
Date                                                      Paula Xinis
                                                            United States District Judge